Bonser v. Town of Nottingham, et al.  CV-96-343-M   07/16/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Terry L. Bonser; Mary L. Park;
and Cedar Waters Village Partnership,
     Plaintiffs

     v.                                    Civil No. 96-343-M

Town of Nottingham, et al.,
     Defendants


                        **O R D E R**


     The parties have had an opportunity to respond to the
court's order of June 20, 1997, expressing its intent to abstain
(Younger v. Harris, 401 U.S. 37, 44 (1971)).  This court is
satisfied by the Attorney General's response that New Hampshire's
courts will, in the context of the pending motion in Nottingham
v. Bonser, et al., Rockingham County Superior Court Docket No. E-
438-81, fully and fairly consider and rule upon plaintiffs'
apparent claims, i.e. that:


          • No allegation, nor finding of contempt of court
     has been made or entered against the plaintiff
     partnership or Mary L. Parks Bonser or Terry L. Bonser
     in any state legal proceeding;

          • No judgment has been entered in any state
     proceeding against the plaintiff partnership or Mary L.
     Parks Bonser or Terry L. Bonser requiring them to pay
     judgments previously entered against Robert Bonser or
     Cedar Waters, Inc.;

          • No judgment has been entered in any state
     proceeding against the plaintiff partnership or Mary L.
     Parks Bonser or Terry L. Bonser, based upon any other
     obligation or legal theory, requiring them to pay money
     to the defendant town or the state;

- No state court of competent jurisdiction has considered or ruled upon the validity of or the right to enforce the town's apparent prejudgment attachment on the plaintiff partnership's real property; and,

- No state court of competent jurisdiction has ruled, on the merits, that the transfer of the subject real property to the plaintiff partnership was fraudulent and therefore void or voidable, so subject to levy to pay the obligations of its prior owners, Robert Bonser and CWI.

Accordingly, this court will abstain and stay consideration of, but not dismiss, plaintiffs' case in deference to the pending state proceeding in which plaintiffs' federal constitutional rights can be fully vindicated. The plaintiffs' claims for damages, based upon allegations of unconstitutional conspiracies, acts, policies and practices, and improper intervention in ongoing legal proceedings, and their claims for declaratory and injunctive relief, will be considered in this court upon a motion to bring forward filed following conclusion of the state proceedings (i.e. plaintiff(s) need not refile or file a new action here). In the meantime, for administrative purposes only, the clerk is instructed to statistically close the case. Counsel shall file a joint, or separate, status report within 30 days of the conclusion of the state proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 16, 1997

2

cc: Terry L. Bonser
    Mary L. Parks
    William A. Dewhurst, Esq.
    William G. Scott, Esq.
    Christopher P. Reid, Esq.
    Douglas N. Steere, Esq.